

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NEWTEXAS FILMS CORPORATION,           )<br>                                      )<br>                     Plaintiff,     )<br>                                      )<br>     vs.                              )<br>                                      )<br> BANK OF AMERICA ARIZONA, et al.,    )<br>                                      )<br>                     Defendants.    )<br>_____) | No. CIV 96-2529 PHX PGR<br><br><u>ORDER</u> |

Pending before the Court are Plaintiff's Motion for Summary Judgment Against Defendant Bank of America Arizona (doc. #93) and Bank of America's Cross-Motion for Summary Judgment (doc. #100). Having considered the parties' memoranda in light of the evidence of record and the oral argument of counsel, the Court finds that there are no genuine issues of material fact and that defendant Bank of America Arizona ("the Bank") is entitled to entry of summary judgment in its favor as a matter of law pursuant to Fed.R.Civ.P. 56.[1]

---

[1] Because the Court concludes that the Bank of America Arizona properly accepted the wire transfer at issue, it does not reach any of the various other liability-related arguments raised by the parties, including the Bank's argument that NewTexas has no "standing" to seek relief pursuant to A.R.S. § 47-4A207 because NewTexas was a stranger to the wire transfer at issue. The Court concludes that it need not reach this issue because the Court



The only claim that plaintiff NewTexas Films Corporation ("NewTexas") brought against the Bank in the Third Amended Complaint is Count I, a U.C.C. claim pursuant to A.R.S. § 47-4A207 wherein it seeks damages for the Bank's alleged mishandling of a $1.5 million Fedwire transfer on April 3, 1996. The payment instructions for the wire transfer identified the beneficiary as "Dale Baker New Co Trust" and the beneficiary's account number as 103874617. The Bank, using its normal procedures, accepted the wire transfer and credited the money to account number 103874617, which was the joint checking account of Dale and Wanda Baker[2]; the Bakers subsequently withdrew the money, which NewTexas alleges belonged to it pursuant to various contractual agreements.

NewTexas argues in part the Bank is liable for its acceptance of the wire transfer pursuant to A.R.S. § 47-4A207(A), which states

---

construes this argument as being in effect a failure to state a claim argument as opposed to a subject matter jurisdiction argument. To the extent that it is meant to be a jurisdictional argument, the Court concludes that NewTexas has established that it has standing to pursue its U.C.C. claim sufficiently to defeat summary judgment as to this issue.

[2] There is no significant probative evidence of record establishing that the Bank did not process the wire transfer at issue using its usual procedures. At the time of the wire transfer at issue, the Bank processed all incoming wire transfers in a central office. All wire transfers came through the Fedwire system. At that time, the Bank used a semi-automated system, whereby its wire transfer computer would print out a transfer summary and the bank's processor employee would confirm on another computer that the stated account was an open account; if it was an open account, the processor would "sight check" the beneficiary's name on the transfer summary to see if it approximately matched the name of the account holder on the bank's computer, and if the payee designation on the transfer summary contained any name "close enough" to an authorized signatory or holder of the account number, the processor would post the transferred funds to that account number.

2

that
> [s]ubject to subsection B, if, in a payment order received by the beneficiary's bank, the name, bank account number or other identification of the beneficiary refers to a nonexistent or unidentifiable person or account, no person has rights as a beneficiary of the order and acceptance of the order cannot occur.[3]

NewTexas contends that the plain language of subsection A barred the acceptance of the wire transfer because the payment order described a nonexistent beneficiary, i.e. "Dale Baker New Co Trust", an entity which it is undisputed had no account at the Bank.[4] The Bank, on the other hand, contends that it was possible for the wire transfer to be completed in this case to Dale Baker because his name and account number appeared on the payment order.

The Court concludes that § 47-4A207(A) is inapplicable under the circumstances at issue because the wire transfer payment order in fact contained an identifiable beneficiary, both by name and account number, i.e. Dale Baker. It was not improper under § 47-

---

[3] UCC Comment 1 to § 4A207 states in part that "[s]ince it is not possible in [the case of a nonexistent or unidentifiable person or account] for the funds transfer to be completed, subsection (a) states that the order cannot be accepted."

[4] For convenience purposes, the Court will refer to A.R.S. § 47-4A207 as the governing provision. Fedwire transfers such as the transfer at issue are governed by Federal Reserve Board Regulation J Subpart B, set forth in 12 CFR Part 210, Subpart B, which, in Appendix B to Subpart B, applies the provisions of U.C.C. Article 4A. Donmar Enterprises, Inc. v. Southern National Bank of North Carolina, 64 F.3d 944, 948 (4th Cir. 1995). Regulation J, Subpart B, Appendix B is substantively identical to ARS Title 47 Chapter 4A, which includes § 47-4A207, the statute upon which NewTexas' claim against the Bank is based. For purposes of the pending motions, it makes no substantive difference whether the Arizona statutes or Regulation J, Subpart B, Appendix B govern the resolution of Count I.

3

4A207 for the Bank to focus just on the "Dale Baker" portion of the payee's designation given the inclusion of the account number that also identified Dale Baker. <u>Cf</u>. <u>Donmar Enterprises, Inc. v. Southern National Bank of North Carolina</u>, 828 F.Supp. 1230, 1239 (W.D.N.Car. 1993), <u>aff'd</u>, 64 F.3d 944 (4th Cir. 1995)(Court concluded that since §4A-207 only requires banks to refuse transfers carrying no identifiable beneficiaries, one identifiable beneficiary is sufficient under Regulation J even if multiple beneficiaries are designated.)

NewTexas also argues that the Bank is liable for improperly accepting the wire transfer pursuant to A.R.S. § 47-4A207(B)(2) because it knew that the named beneficiary and the account number on the payment order described different persons. Section 47-4A207(B) states:

> B. If a payment order received by the beneficiary's bank identifies the beneficiary both by name and by an identifying or bank account number and the name and number identify different persons, the following rules apply:
> 1. Except as otherwise provided in subsection C, if the beneficiary's bank does not know that the name and number refer to different persons, it may rely on the number as the proper identification of the beneficiary of the order. The beneficiary's bank need not determine whether the name and number refer to the same person.
> 2. If the beneficiary's bank pays the person identified by name or knows that the name and number identify different persons, no person has rights as beneficiary except the person paid by the beneficiary's bank if that person was entitled to receive payment from the originator of the funds transfer. If no person has rights as beneficiary, acceptance of the order cannot occur.

The key to subsection B is the beneficiary bank's "knowledge",

4

which is statutorily defined as "actual knowledge".[5] A.R.S. § 47-1201(25); UCC § 1-201(25). Although NewTexas argues that the Bank had the requisite knowledge because the sight checking of the wire transfer summary performed by its wire transfer processor revealed a discrepancy between the named payee on the wire transfer payment order, Dale Baker New Co Trust, with the names of the account holders, Dale and Wanda Baker, and because the payee's name had the word "Trust" in its name which has a special legal meaning, the Court concludes that is an insufficient basis as a matter of law upon which to impose liability upon the Bank. What is required for liability is actual knowledge of a true conflict between the name and account number on the wire transfer; in this case there was no complete disconnect between the account name and account number since Dale Baker was the common denominator between the payee's name and the account holder's name and the account number was the bridge between them.[6] While there was some discrepancy between the payee's

---

[5] Although the drafters of the UCC included the actual knowledge requirement to encourage the use of automated wire transfer processing systems that rely solely on account numbers, "Section 4A-207 is not limited to cases in which processing is done by automated means. A bank that processes by semi-automated means or even manually may rely on number as stated in Section 4A-207." Official Comment to UCC § 4A-207.

[6] NewTexas' argument that the Court has already determined as a matter of law, through its March 10, 1998 opinion denying the Bank's motion to dismiss, that the named payee, Dale Baker New Co Trust, is a different person than account holders Dale and Wanda Baker for purposes of § 47-4A207(B), and that the earlier determination is the law of the case, is rejected by the Court. No law of the case issue arises since the Court's earlier order did not conclusively decide the issue, nor was it intended to conclusively decide the issue. The Court denied the Bank's motion to dismiss as moot because the Court sua sponte dismissed the operative complaint

name and the account holders' names, the evidence of record does not establish that the Bank's wire processors actually knew that Dale Baker New Co Trust and Dale Baker of the stated account number were different persons. The only evidence regarding the actual knowledge of the Bank's wire transfer processing employees came from the deposition testimony of Kristine Wade and her uncontroverted testimony was that neither she nor any of her fellow employees knew anything about Dale Baker or New Co Trust on the date in question.

Also pending are the Bank's Motion to Strike Regarding Affidavit of Dennis Harrison (doc. #96), and Plaintiff's Motion to Strike Affidavit of Barkley Clark (doc. #98).[7] The Court concludes that the former motion should be granted pursuant to Local Rule 1.10(i) in light of NewTexas' failure to file any response in opposition to it. The Court further concludes that the latter

---

for lack of subject matter jurisdiction due to the lack of a proper allegation of diversity jurisdiction; the Court then reviewed the § 47-4A207 issue solely to determine whether or not it would be futile under Fed.R.Civ.P. 15 to allow NewTexas to file an amended complaint. The Court concluded, solely under the Rule 15 standard, that an amendment would not be futile on that issue because "[i]t is arguable whether the payment order at issue in this case, with the payee listed as 'Dale Baker New Co Trust,' is different from the account number, which is a joint checking account of Dale and Wanda Baker[,]" and that the issue of whether the two description referred to the same person was a "novel question of law", and because NewTexas was alleging that the Bank knew of the discrepancy between the payee name and the name on the named account prior to crediting the account.

[7] The Bank has also made a request for Fed.R.Civ.P. 11 sanctions against NewTexas due to NewTexas' initial failure to disclose in several documents filed with the Court that T.B.O. Holding Corp., and not NewTexas, was the source of the financing for the $1.5 million wire transfer. Although the Court in no way condones NewTexas' improper lack of candor, the Court concludes that the sanctions request is not properly before the Court due to the Bank's failure to comply with Fed.R.Civ.P. 11(c)(1)(A).

AO 72A
(Rev.8/82)

motion should be denied because NewTexas has failed to establish that the Clark affidavit should be stricken in its entirety. While Mr. Clark's report, which his affidavit incorporates, does in fact contain some inadmissible legal opinions about banking law, it also contains admissible statements that are properly the subject of an expert's opinion. In that regard it is no different from the report submitted by Professor Scott, NewTexas' banking law expert. Therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment Against Defendant Bank of America Arizona (doc. #93) is denied.

IT IS FURTHER ORDERED that Bank of America's Cross-Motion for Summary Judgment (doc. #100) is granted and that Count I of the Third Amended Complaint is dismissed in its entirety.

IT IS FURTHER ORDERED that Bank of America's Motion to Strike Regarding Affidavit of Dennis Harrison (doc. #96) is granted pursuant to Local Rule 1.10(i).

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Affidavit of Barkley Clark (doc. #98) is denied.

IT IS FURTHER ORDERED that the plaintiff shall file a written report no later than **August 30, 1999** setting forth the status of its prosecution of its civil conspiracy claim against remaining defendants Randall Hadden and Jonathan Abernathy.

Dated this 16th day of August, 1999.

                                      Paul G. Rosenblatt
                                      United States District Judge

AO 72A
(Rev.8/82)